Houston, J.
The plaintiffs, Thomas J. Macone and Frank Bramante, as trustees of the BRAMAC Development Trust, have brought suit against the defendant, the Town of Wakefield (“the Town”), alleging unlawful discrimination in violation of the Federal Fair Housing Act and G.L.c. 15 IB, §4, a violation of the plaintiffs’ due process, substantive due process, and equal protection rights under the United States Constitution and Articles 1, 10, and 12 of the Massachusetts Declaration of Rights, and breach of contract. On February 7, 2001 the United States District Court (Keeton, J.) granted summary judgment for the defendant on the plaintiffs’ federal claims. The district court remanded the plaintiffs’ state claims (Counts I, VI, VII, and VIII) to this court. The defendant now moves for summary judgment on these remaining state claims. For the reasons set forth below, the defendant’s motion for summary judgment is ALLOWED.
BACKGROUND
On April 27, 1998, the plaintiffs sought approval from the Board of Selectman for the Town of Wakefield (“the Board”) for the construction of 133-160 townhouse condominium units, known as Hillside Estates, under the Local Initiative Project (“LIP”). The Massachusetts Department of Housing and Community Development (“DHCD”) established LIP in order to give towns and cities incentives to construct and sell minority and low-income family housing. LIP allows developers to obtain standing to petition the Zoning Board of Appeals of the town or city for a comprehensive permit to construct its project. These permits may supercede all local zoning rules and regulations.
The first step in obtaining a permit is to get the written endorsement of the chief elected official of the municipality in which the applicant intends to build. In this case the chief elected official was the Board. According to the LIP Guidelines, the DHCD expects local officials to act in good faith and that local support will not be unreasonably withheld. Pursuant to G.L.c. 40B, §20, Massachusetts communities have a target goal of having ten percent of its housing for low- to moderate-income families. At the time that the plaintiffs sought the Board’s endorsement, about four and one-half percent of the Town’s housing was for low- to moderate-income families. Pursuant to an executive order, if a town or city fails to approve a LIP project, the state may withhold state funds.
On May 13, 1998, the Board voted to endorse the plaintiffs’ project. The plaintiffs then submitted an application to the DHCD. On November 5, 1998, DHCD officials met with the plaintiffs and requested they consider reducing the number of units. The DHCD also requested that the plaintiffs obtain additional confirmation of the Board’s continued approval of the project. In response to the DHCD’s request, the plaintiffs submitted a more detailed proposal to the Board for 135 units. On November 13, 1998, the Executive Secretary of the Town of Wakefield, a member of the Board, issued a letter stating that the Board was happy to see that the plaintiffs had reduced the number of units and that the Board continued to support the project.
On November 30, 1998, members of the Board met with DHCD officials to discuss LIP. The defendant claims that, at this meeting, it became clear for the first time that the state would not withdraw funding if the Town did not approve the plaintiffs’ project. On December 21, 1998, the DHCD issued a letter certifying the plaintiffs’ project stating that although the project was greater in size and density than that fypically allowed, since the Board endorsed the project, it was granting certification. The certification con *507 tained a number of conditions, including that the plaintiffs set aside five units for minority families.
On March 8, 1999 the Board voted to rescind its endorsement. Prior to its decision, the Board did not give the plaintiffs notice that it was reconsidering its previous endorsement. The Board did not notify the plaintiffs until two days later. The Board’s letter to the plaintiffs did not state a reason for its decision. The Board claims that it decided to rescind its endorsement because of DHCD concerns about the size of the project and individual Board member’s concerns about traffic, the density of the project, drainage and school enrollment. It also claims that, contrary to their belief at the time they approved the project, they now believed that they would not be punished, in the form of the loss of state funds, if they decided not to endorse the project. On March 19, 1999, the Chief Counsel of the DHCD informed the plaintiffs that since the Town withdrew its endorsement of the project, the DHCD was withdrawing its certification. Following this decision the Zoning Board of Appeals dismissed the plaintiffs’ petition for a permit because the DHCD’s decision not to certify terminated its jurisdiction over the plaintiffs’ application.
The plaintiffs filed this action in Middlesex Superior Court. The defendant, subsequently, removed the case to the United States District Court. On Februaiy 7, 2001, the district court granted the defendant’s motion for summary judgment on the plaintiffs’ federal claims.[1] The district court remanded the plaintiffs’ remaining state claims to this court.
DISCUSSION
A. G.L.c. 15 IB, §4
The plaintiffs claim that the defendant, through its decision to rescind its prior endorsement of the plaintiffs’ project, discriminated against the plaintiffs on the basis of race and economic level in violation of G.L.c. 15IB, §4. The defendant argues that the plaintiffs have not produced sufficient evidence of discriminatoiy intent or discriminatoiy impact. Both parties rely on federal cases in support of their arguments. In interpreting G.L.c. 151B, §4, the court may look to the analogous federal statute, however, the court is not bound by interpretations of the federal statute in construing state law. See College-Town, Division of Interco, Inc. v. Massachusetts Commission Against Discrimination, 400 Mass. 156, 163 (1987). While, in this case, the court may look to 42 U.S.C. §3601 et seq., the Fair Housing Act, for guidance, it is unclear whether the legislature intended G.L.c. 151B, §4 to apply to the interaction between a developer and a municipality.
Although the plaintiffs do not specify under what section of G.L.c. 15 IB they have brought their discrimination claim, presumably the plaintiffs have brought this claim under G.L.c. 151B, §4(13)(a). Under G.L.c. 151B, §4(13)(a), it is unlawful:
[flor any person to directly or indirectly induce, attempt to induce, prevent, or attempt to prevent the sale, purchase, or rental of any dwelling or dwellings by:
(a) implicit or explicit representations regarding the entry or perspective entry into the neighborhood of a person or persons of a particular age, race, color, religion, sex, national or ethnic origin, or economic level. . .
(Emphasis added.) The Fair Housing Act applies to municipalities. See Keith v. Volpe, 858 F.2d 467, 482 (9th Cir. 1988). In construing the General Laws of Massachusetts, however, “the word ‘person’ ordinarily does not describe the State or its subdivisions.” Commonwealth v. Dowd, 37 Mass.App.Ct. 164, 166 (1994). Furthermore, G.L.c. 151B, §4(13)(a) talks about the sale, purchase or rental of a dwelling. The statute does not include the words construction, licensing, or granting of permits. The plain language of the statute refers to a buyer-seller relationship rather than the developer-municipality relationship involved in this case. In light of these considerations, the court believes a significant question has been raised as to whether the facts of this case present a cause of action under G.L.c. 151B.
Assuming, without deciding, that the plaintiffs can raise a claim under G.L.c. 15IB and that the federal cases cited by both parties provide an appropriate analogy, for the reasons set forth in Macone v. Town of Wakefield, 277 F.3d 1, 5-7 (1st Cir. 2002), the plaintiffs have not presented sufficient facts from which a reasonable jury could infer discrimination.[2]
B. Procedural Due Process, Substantive Due Process, and Equal Protection
The plaintiffs claim that the defendant’s act of rescinding its prior endorsement of the Hillside Estate project without notice and a hearing violated their rights to procedural due process, substantive due process, and equal protection under Articles 1, 10, and 12 of the Massachusetts Declaration of Rights. Massachusetts courts treat procedural due process and equal protection claims under the Massachusetts Declaration of Rights identically to claims under the Fourteenth Amendment. See Dickerson v. Attorney General, 396 Mass. 740, 743 (1986); Doyle v. Department of Industrial Accidents, 50 Mass.App.Ct. 42, 45 (2000). Generally, Massachusetts applies the same standards for state substantive due process claims as those applied for a federal substantive due process analysis. See Commonwealth v. Ellis, 429 Mass. 362, 370-71 (1999). Although there are situations where Massachusetts courts have found that the Massachusetts Declaration of Rights provides greater substantive due process protections, the plaintiffs have not argued that the Massachusetts Declaration of Rights provides greater protection in this context. Based on these considerations and for the reasons set forth in Macone, 277 F.3d at 8-11, the plaintiffs have not presented *508 sufficient evidence from which a reasonable jury could conclude that the defendants violated the plaintiffs’ procedural due process, substantive due process, and equal protection rights.
C. Breach of Contract
The plaintiffs claim that when the Town initially gave its endorsement of the project, that act created a contract between the Town and the plaintiffs. The cases cited by the plaintiffs only address the legislative body’s general authority to enter into contracts. They do not address whether a board’s decision to endorse a project forms a contract between the developer and the municipality. The plaintiffs have not presented sufficient evidence that the Town intended its original decision to endorse the project, to create a contract with the plaintiffs to develop the project. See McCarthy v. Tobin, 429 Mass. 84, 87 (1999) (holding that a promise made with an understanding that it is not to be legally binding, but only expressive of a present intention is not a contract). After the Board gave its endorsement, the DHCD requested that the plaintiffs go back to the Board for a statement of its continued support for the project. The plaintiffs sent a new proposal to the Board seeking its continued support for the project. These facts indicate that the Board could have withdrawn its prior endorsement of the plaintiffs’ project. Furthermore, by its decision, the Board only gave its endorsement of the project. The project still had to be approved by the DHCD and the Zoning Board of Appeals before the plaintiffs could build the project. For the reasons stated above, the plaintiffs have not provided sufficient facts from which a reasonable juiy could conclude that the plaintiffs and defendant had a contract.
ORDER
For all of the reasons set forth above, the defendant’s motion for summary judgment is ALLOWED.

In Macone v. Town of Wakefield, 277 F.3d 1 (1st Cir. 2002), the First Circuit upheld the district court’s decision.

The district court remanded this claim to the state court on the basis that unlike 42 U.S.C. §3604, G.L.c. 15 IB, §4(13) (a) includes a prohibition on discrimination based on economic level. The plaintiffs have not argued that Massachusetts has adopted a different standard for cases involving economic discrimination. Because presumably the same standard applies, the plaintiffs have failed to present sufficient facts from which a jury could infer discrimination on the basis of economic level.