RAYMOND BRIENZO *vs.* MASSACHUSETTS COMMISSION AGAINST DISCRIMINATION & others.[1] No. 02-P-995. March 29, 2004. *Massachusetts Commission Against Discrimination. Practice, Civil,* Action in nature of certiorari.

The plaintiff filed a complaint with the Massachusetts Commission Against

---

[1]In addition to the Massachusetts Commission Against Discrimination (MCAD), the plaintiff named the town of Acushnet, the Acushnet board of public works, Local 1249, Massachusetts Laborers' District Council of the Laborers' International Union of North America, AFL-CIO, and several of the unions' officers as defendants. However, while the plaintiff sought relief only against the MCAD, the other parties have joined in the MCAD brief.

Discrimination (MCAD) alleging that the town of Acushnet (town); the Acushnet board of public works (board); and two unions (Local 1249 and its president; and the Massachusetts Laborers' District Council of the Laborers' International Union of North America, AFL-CIO, its president and its secretary/treasurer) engaged in handicap discrimination against the plaintiff. An investigator for the MCAD found no probable cause. That finding was affirmed by an investigating commissioner who reviewed it under 804 Code Mass. Regs. § 1.15(7)(d)(1999), and the complaint was dismissed by the MCAD.

The plaintiff then brought an action in the nature of certiorari, G. L. c. 249, § 4, in the Superior Court seeking a review by the Superior Court of this action of the MCAD. The motion judge allowed the defendants' motion to dismiss under Mass.R.Civ.P. 12(b)(6), 365 Mass. 755 (1974), on the ground that the plaintiff was not entitled to a review. The plaintiff appeals from the judgment which entered in favor of the MCAD. We affirm.

Although the plaintiff cannot bring a direct appeal from the MCAD's finding of no probable cause, more is required to obtain a right of review in the nature of certiorari under G. L. c. 249, § 4. The complaining party must show, "(1) a judicial or quasi judicial proceeding; (2) a lack of all other reasonably adequate remedies; and (3) a substantial injury or injustice arising from the proceeding under review." *Boston Edison Co.* v. *Board of Selectmen of Concord,* 355 Mass. 79, 83 (1968). We need only address the second of these requirements.

In the case before us, a "reasonably adequate remedy" is available under G. L. c. 151B, § 9. Pursuant to that statute, a party that commences a proceeding at the MCAD may, after ninety days, bring an action in the Superior Court raising the same claims. Since the plaintiff has amended, under sec. 9, a prior pending action in the Superior Court in order to assert his claims of discrimination that were dismissed in the MCAD action, he has access to a forum in which to pursue his claims. The MCAD's failure to find probable cause neither impeded the commencement of the Superior Court action, nor prejudiced the plaintiff's redress in that action. In fact, there is no benefit to the plaintiff of a finding of probable cause at the MCAD except an ability to proceed before the MCAD. Proceeding in the Superior Court provides a complete remedy to any error that may have been made by the MCAD in failing to find probable cause.

Other issues raised by the plaintiff on appeal do not merit discussion.

*Judgment affirmed.*

*Donald J. Fleming* for the plaintiff.

*Darren R. Klein* for town of Acushnet & another.

*Robert L. Quinan, Jr.,* Assistant Attorney General, for Massachusetts Commission Against Discrimination.

*Colleen C. Karsner* for Massachusetts Laborers' District Council Public Employees' Local Union 1249 & others.