Brassard, Raymond J., J.
Plaintiff Commonwealth of Massachusetts, through its Attorney General, brought a housing discrimination action against defendant Shimon Orian for refusing to rent to disabled persons. The matter is now before this Court on the defendant’s Motion to Dismiss. On May 10, 2005, a hearing was held on the motion. For the reasons stated below, the defendant’s Motion to Dismiss is DENIED.

BACKGROUND

Delta Projects, Inc. is a non-profit entity that sets up residences for persons with disabilities. Shimon Orian owned and listed for rent a single-family house, located at 86 Oldham Road, in Newton. In November of 2003, Delta Projects attempted to rent the property from Orian.
On March 24, 2004, Delta Projects filed a Housing Complaint against Orian at the Massachusetts Commission Against Discrimination (MCAD). On the form, there are blank lines, in two separate sections, for the insertion of the specific subparagraphs of §4 of G.L.c. 15 IB alleged to be violated by the respondent (defendant Orian). In both spots, Delta Projects inserted “6, 7, 7A.” Citing “Handicap” as the believed basis of discrimination, Delta Projects’ MCAD Housing Complaint explicitly charged Orian with “unlawful housing discrimination in violation of Massachusetts General laws, Chapter 151B, Section 4, Paragraph^) 6, 7, 7A” (Exhibit A of the Commonwealth’s Opposition to Defendant’s Motion to Dismiss).
On or about December 6, 2004, the MCAD issued a Probable Cause Finding. On December 20, 2004, Orian elected to pursue a judicial determination in Superior Court.
On January 18, 2005, the MCAD issued a Supplemental Order of the Investigating Commissioner. In its entirety, the Order reads,
This matter comes before me on the Commonwealth’s Motion for Clarification of MCAD’s Order on Appeal. On December 6, 2004,1 issued an Order vacating the original Lack of Probable Cause finding in this matter and entering a finding of Probable Cause with respect to Complainant’s complaint. The Commonwealth now seeks clarification as to which sections of M.G.L.c. 15IB the Probable Cause finding applies. Complainant’s complaint alleged violation of M.G.L.c. 151B, §§4(6), 4(7), 4(7A) and 4(7B).[1] The Order was intended to confirm that the Commission found Probable Cause with respect to Complainant’s claims under M.G.L.c. 151B, §§4(7) and 4(7B).
Delta Projects, Inc. v. Orion, No. 04-BPR-00759 (Massachusetts Commission Against Discrimination January 2005).
On January 19, 2005, the Commonwealth of Massachusetts, through its Attorney General, commenced a housing discrimination suit against Orian in Superior Court. The Complaint explicitly seeks “injunctive and monetary relief against Shimon Orian for unlawful housing discrimination in violation of M.G.L.c. 151, §§4(7), 4(7A), and 4(7B).” The Complaint alleges jurisdiction pursuant to G.L.c. 15 IB, §§5 and 9, and G.L.c. 214, §1 (General equity jurisdiction).

DISCUSSION

Defendant Orian has moved to dismiss Count I pursuant to Mass.R.Civ.P. 12(b)(6) (failure to state a claim). He has moved to dismiss Counts II and III pursuant to Rule 12(b)(1) (lack of subject matter jurisdiction).
I. Failure to State a Claim
Orian contends that Count I fails to state a claim on which relief can be granted.
Specifically, Orian contends that the Commonwealth has failed to make out a prima facie case of housing discrimination because “there is no allegation that the housing opportunity remained available after the applicant was allegedly rejected.” The Commonwealth contends that its allegations, that the house was available for rent at the time of Delta Projects’ inquiry and that Delta Projects’ application was thereafter rejected, are sufficient to show a prima facie case of housing discrimination.
Massachusetts courts review a 12(b)(6) Motion to Dismiss under the standard that “a complaint should not be dismissed for failure to state a claim unless it *378 appears beyond doubt that the plaintiff can prove no set of facts in support of the claim.” Fabiano v. Boston Redevelopment Auth., 49 Mass.App.Ct. 66, 70 (2000), quoting Brum v. Dartmouth, 44 Mass.App.Ct. 318,321 (1998), rev’d on other grounds, 428 Mass. 684 (1999), quoting Nader v. Citron, 372 Mass. 96, 98 (1977). “A complaint is sufficient against a motion to dismiss if it appears that the plaintiff maybe entitled to any form of relief, even though the particular relief he has demanded and the theory on which he seems to rely may not be appropriate.” Id. at 70-71, citing Brum, 44 Mass.App.Ct. at 321, quoting Nader, 372 Mass, at 104. “Therefore, all that a plaintiff need do to resist such a motion is present a complaint that does no more than sketch the bare silhouette of a cause of action.” Id. at 71, citing Brum 44 Mass.App.Ct. at 322, quoting Coolidge Bank & Trust Co. v. First Ipswich Co., 9 Mass.App.Ct. 369, 371 (1980).
As “the allegations of the complaint, as well as such inferences as may be drawn therefrom in the plaintiff s favor, are to be taken as true,” Nader v. Citron, 372 Mass. 96, 86 (1977), the Commonwealth has put forth allegations that “sketch the bare silhouette of a cause of action.” Fabiano, 49 Mass.App.Ct. at 71. The allegations of the Complaint suffice to support a claim of housing discrimination; particularly, as the matter was removed from the MCAD, at Orian’s election, after a finding of probable cause. Further, as Orian conceded at oral argument, the Commonwealth alleges that it will produce direct evidence of discrimination and, hence, is not required to plead a prima facie case. See Swierkiewicz v. Sorenma, N.A., 534 U.S. 506, 511-12 (2002) (“It thus seems incongruous to require a plaintiff, in order to survive a motion to dismiss, to plead more facts than he may ultimately need to prove to succeed on the merits if direct evidence of discrimination is discovered”). As such, the Commonwealth has stated a claim for which relief could be granted.
II. Lack of Subject Matter Jurisdiction
Orian contends that Counts II and III should be dismissed for lack of subject matter jurisdiction. Specifically, Count II should be dismissed because the MCAD did not find probable cause with respect to subparagraph 7A of G.L.c. 15 IB, §4. Count III should be dismissed because, although the MCAD did find probable cause with respect to subparagraph 7B, Delta Projects did not allege a violation of 7B on its MCAD Housing Complaint. The Commonwealth contends that it is not limited to claims stemming from MCAD probable cause determinations and that the facts stated by Delta Projects in its MCAD Housing Complaint alleged a violation of 7B.
“Proceeding in the Superior Court provides a complete remedy to any error that may have been made by the MCAD in failing to find probable cause.” Brienzo v. Massachusetts Comm’n Against Discrimination, 60 Mass.App.Ct. 917, 918 (2004). ‘There is no benefit to the plaintiff of a finding of probable cause at the MCAD except an ability to proceed before the MCAD,” id., or enabling the complainant or the respondent to make a judicial election to proceed in Superior Court. G.L.c. 15 IB, §5. “The MCAD’s failure to find probable cause neither impeded the commencement of the Superior Court action, nor prejudiced” either party’s rights. Brienzo, 60 Mass.App.Ct. at 918. Thus, neither the Commonwealth pleading on a subparagraph on which the MCAD did not find probable cause, nor its pleading on a subparagraph which was not listed on Delta Project’s MCAD Housing Complaint was fatal.
III. Commonwealth’s Contentions for Jurisdiction
The Commonwealth filed its Complaint alleging jurisdiction was conferred on this Court by G.L.c. 151B, §§5 and 9; and G.L.c. 214, §1. However, these statutes present three different clocks for commencing suit in Superior Court on a housing discrimination complaint. Pursuant to G.L.c. 151B, §5, the Attorney General had thirty days from Orian electing judicial determination to commence an action in Superior Court. Pursuant to G.L.c. 151B, §9, to bring a claim not as a party to an MCAD Complaint, the Attorney General had one year from the alleged unlawful practice. Pursuant to G.L.c. 214, §1, as a civil rights action, the Attorney General has three years from when the cause of action accrued to commence suit in Superior Court.
A. G.L.c. 151B, §5[2]
Once either party elects judicial determination, the Attorney General is the entity to commence, and maintain a civil action in Superior Court on behalf of the complainant.
If such commissioner shall determine after such investigation or preliminary hearing that probable cause exists for crediting the allegations of a complaint relative to a housing practice, the commissioner shall immediately serve notice upon the complainant and respondent of their right to elect judicial determination of the complaint as an alternative to determination in a hearing before the commission.
If any complainant or respondent elects judicial determination as aforesaid, the commission shall authorize, and not later than thirty days after the election is made the ATTORNEY GENERAL shall commence and maintain, a civil action on behalf of the complainant in the superior court for the county in which the unlawful practice occurred.
G.L.c. 15IB, §5 (emphasis added).
“The Attorney General was drawn into the case because [Orian] exercised the option, granted by the second paragraph of G.L.c. 151B, §5, as amended by St. 1989, c. 722, §§24-29, to persons against whom the Massachusetts Commission Against Discrimination has made a finding of probable cause of unlawful *379 conduct under G.L.c. 151, to have a judicial, rather than administrative, determination of the charge.” Commonwealth v. Dowd, 37 Mass.App.Ct. 164, 165 (1994). “Unless the target of complaint elects a judicial determination, the tribunal before which alleged violations of §4 are adjudicated is the commission. See G.L.c. 6, §56; G.L.c. 151B, §§1(7), 4, and 5.” Id. “Once an election of judicial determination has been made, it is the duty of the Attorney General to commence a civil action on behalf of the complainant in the Superior Court, G.L.c. 151B, §5, and the Attorney General did so.” Id.
The MCAD’s finding of probable cause allowed Orian to elect judicial determination. On December 20, Orian filed a Notice of Election of Judicial Determination. On January 19, 2005, the Attorney General commenced a timely civil action on behalf of the complainant Delta Projects. Thus, the matter is properly before this Court pursuant to G.L.c. 15 IB, §5.

B. G.L.c. 151B, §9

While the statute is to be “construed liberally for the accomplishment of its purposes,” it does contain a one-year time frame for commencing a civil action in the superior court if one was not a party to an MCAD Complaint. G.L.c. 15 IB, §9.[3]
Any person claiming to be aggrieved by an unlawful practice relative to housing under this chapter, but who has notjüed a complaint pursucmt to section five, may commence a civil action in the superior or probate court for the county in which the alleged unlawful practice occurred or in the housing court within whose district the alleged unlawful practice occurred; provided, however, that such action shall not be commenced later than one year after the alleged unlawful practice has occurred.
G.L.c. 151B, §9 (emphasis added).
Under §5, the Commonwealth could have filed a complaint against Orian at the MCAD. G.L.c. 15 IB, §5 (“The attorney general may, in like manner, make, sign and file such complaint”). However, the Commonwealth did not.
Effective November 5, 2002, the Legislature amended G.L.c. 15 IB, §5, to extend the period for filing a discrimination complaint, at the MCAD, from six months to 300 days. St. 2002, c. 233, §1. See also Ocean Spray Cranberries, Inc. v. Massachusetts Comm’n Against Discrimination, 441 Mass. 632, 641 n. 11 (2004). “Any complaint filed pursuant to this section must be so filed within 300 days after the alleged act of discrimination.” G.L.c. 15 IB, §5 (emphasis added). After a complaint is filed, the MCAD conducts a “prompt investigation.” G.L.c. 15 IB, §5. While pending, the administrative procedure provided by G.L.c. 151B, §5, is exclusive. G.L.c. 151B, §9. If one is not a party to the MCAD Complaint, the administrative procedure may not provide a window of opportunity to commence a suit, under §9, at Superior Court within one year of when the alleged unlawful event occurred.
Orian’s alleged unlawful practice occurred in November of 2003. The Complaint alleges no discriminatory action on the part of Orian beyond November 2003. Under §9, the Commonwealth had until November of 2004 to file suit.
On December 20, 2004, the matter ceased pending at the MCAD when Orian elected judicial determination. As the matter ceased pending at the MCAD more than one year after the alleged unlawful practice occurred, there was no window for a non-party to the MCAD Complaint to file suit under §9. Thus, the matter is not properly before this Court pursuant to G.L.c. 15 IB, §9.
C. G.L.C. 214, §1
The statute of limitations on civil rights actions provides that,
Actions arising on account of violations of any law intended for the protection of civil rights, including but not limited to actions alleging employment, housing and other discrimination on the basis of race, color, creed, national origin, sex, age, ancestry or handicap shall be commenced only within three years next after the cause of action accrues.
G.L.c. 260, §15IB (emphasis added). The cause of action on Delta Projects’ housing discrimination claim accrued in November of 2003. The suit was commenced in Superior Court on January 19, 2005.
For housing discrimination, the administrative procedure provided in G.L.c. 151B, §5, “while pending" is exclusive. G.L.c. 151B, §9 (emphasis added). Upon receipt of the election of judicial notice, the MCAD dismisses the complaint pending before it. G.L.c. 15 IB, §5. The MCAD “typically takes no further action once a complainant elects a judicial determination of a discrimination claim.” Stonehill Coll, 441 Mass, at 563.
When Orian elected a judicial determination on December 20, 2004, the matter ceased pending before the MCAD. As there was nothing pending before the MCAD when the Commonwealth commenced the suit on January 19, 2005 and the suit was filed within three years after the cause of action accrued in November of 2003, the matter is properly before this Court pursuant to G.L.c. 214, §1.

ORDER

For the forgoing reasons, the Motion to Dismiss of defendant Shimon Orian is DENIED.

The Court takes judicial note that subparagraph 7B was not entered by Delta Projects on its MCAD Housing Complaint. The record is silent on whether the MCAD determined, on its own, that the circumstances amounted to an allegation of a 7B violation.

See Stonehill Coil v. Massachusetts Comm’n Against Discrimination, 441 Mass. 549, 562-66 (2004), for a discussion of the significant differences between administrative proceed *380 ings conducted pursuant to §5, and a private right of action under §9, as well as the public policy reasons for punishing and preventing discrimination.

In contrast to the three-year period applicable to a party to an MCAD Complaint:
Any person claiming to be aggrieved by a practice made unlawful under this chapter . . . may, at the expiration of ninety days after the filing of a complaint with the commission . . . but not later than three years after the alleged unlawful practice occurred, bring a civil action for damages or injunctive relief or both in the superior or probate court ... or in the housing court. . .
G.L.c. 151B, §9 (emphasis added).